# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1292V
Filed: January 24, 2019
Not to be Published

*************************************
| | |
|---|---|
| PATRICIA FEIGHT, * | |
| * | |
| Petitioner, * | |
| * | Prevnar 13 vaccine; transverse |
| v. * | myelitis ("TM"); no expert |
| * | report; motion for decision |
| SECRETARY OF HEALTH * | dismissing the petition |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

*************************************

Diana L. Stadelnikas, Sarasota, FL, for petitioner.
Ryan D. Pyles, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DISMISSAL DECISION[1]

On September 20, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that a pneumococcal (Prevnar 13) vaccination she received on June 13, 2016 caused her transverse myelitis ("TM"). Pet. at ¶¶ 1, 3, 9, and 10.

Petitioner filed her medical records and affidavit, but not an expert report in support of her allegations.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On July 17, 2018, respondent filed his Rule 4(c) Report recommending against entitlement, noting that petitioner had not filed an expert report or other reliable medical evidence to support her allegations. Resp't Rep. at 6.

On January 24, 2019, petitioner filed a Motion for a Decision Dismissing Petition stating, "An investigation of the facts and science supporting this case, including consultation with qualified expert [sic] and treating physicians, has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Mot. at 1.

This is a causation in fact case. Petitioner's medical records do not support her allegations by a preponderance of the evidence and she has failed to file a medical opinion from an expert in support of her allegations. The undersigned finds petitioner has failed to make a prima facie case. The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

**DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for Prevnar 13 vaccine, she would not have TM, but also that Prevnar 13 vaccine was a substantial factor in causing her TM. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations. Her treating doctors do not attribute her TM to Prevnar 13 vaccine. Petitioner has not filed a medical expert opinion in support of her allegations although she has done an extensive search for an expert.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition for failure to make a prima facie case of causation in fact.

## CONCLUSION

This case is now **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 24, 2019                                        /s/ Laura D. Millman
                                                                                   Laura D. Millman
                                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.